**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

| | |
|---|---|
| **PETER MAHER,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **Case No. 1:25-cv-02842** |
| **v.** ) | |
| ) | |
| **HAYWOOD COUNTY, TENNESSEE,** ) | |
| ) | |
| **Defendant.** ) | |

**FIRST AMENDED COMPLAINT**

Comes the Plaintiff, Peter Maher, ("Plaintiff"), by and through counsel, and sues Haywood County, Tennessee pursuant to 42 U.S.C. § 1983 for the violation of his First Amendment rights, as well as supplemental state law claims, and for his cause of action, claims and alleges as follows:

1.      The Plaintiff is a citizen and resident of Haywood County, Tennessee.

2.      The Defendant, Haywood County, Tennessee is a county organized and existing under the laws of the State of Tennessee.  This Defendant may be served with process through its lawyer, Sarah H. Levy and/or its Mayor, David Livingston.

3.      This Court has jurisdiction to hear the federal claims in this cause pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.  Additionally, Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 for his state law claims under Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq.*

4.      The Plaintiff avers that this Court has venue to hear this cause pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim which is the subject matter of this action occurred in this judicial district.

**FACTS**

5.     In or around the latter of February 2025, Plaintiff properly requested to both the County Mayor David Livingston and County Attorney Sarah Levy, and other designated officials of Haywood County, Tennessee, that he desired to present public comment at the regularly scheduled meeting of the Haywood County Commission.  Plaintiff requested confirmation of whether his request was accepted, or denied, as well as the date, time, location, and applicable rules governing public comment.  Plaintiff desired and specifically told Defendant's officials that his comments would be limited to a 60-to-80-second response to a matter germane to matters on the agenda or germane to matters within the jurisdiction of the Commission.  On February 27, 2025, Haywood County Mayor David Livingston responded to Plaintiff via email and copied County Attorney Sarah Levy.  Specifically, in his response at 7:44 a.m., Haywood County Mayor Livingston stated that "the public is always welcome to speak...[but] must be addressing the business on the agenda" and only after "proper procedures are complied with by the proper committees" and further that a motion or resolution is before the County Commission.  Haywood County Mayor Livingston's response constitutes a de facto blanket denial of Plaintiff's request to present public comment.  The Response did not address or grant Plaintiff's request and failed to provide any confirmation of whether Plaintiff would be permitted to speak or any logistical details necessary to do so.  Instead, the response imposed categorical preconditions – limiting public comments strictly to agenda items and only after internal governmental processes – without providing any mechanism for Plaintiff to be placed on the agenda or otherwise exercise the requested opportunity.  The response therefore denied the request by omission and substituted a general policy statement for a decision based on the specific request

6.      This communication operates as a blanket denial on both form and function because it (a) failed to provide a yes – or – no determination, (b) restricted public comment to a narrow procedural window controlled entirely by the governing body, (c) did not identify any mechanism for a member of the public to secure agenda placement, and (d) left Plaintiff without any meaningful avenue to exercise the requested right.

7.      Plaintiff was subsequently directed to the Haywood County Public Records Commission ("PRC") as a prerequisite to addressing broader public records concerns.  On March 5, 2025, Linda Hayes, Chair of the PRC, informed Plaintiff that he had been placed on the agenda for the March 6, 2025, meeting, but imposed the following condition:  "You will be permitted three (3) minutes for your comments.  You must adhere to the agenda topics."  This requirement constitutes a content-based restriction on public comment, specifically a germaneness requirement tied to agenda topics.  While participation was normally permitted, the condition that speakers must adhere to agenda topics places substantive control over the permissible subject matter of speech in the hands of the governing body. Further, this restriction conditions access to the forum on subject matter, delegates control of permissible speech to the PRC through its control of the agenda, and excludes otherwise relevant speech unless it aligns with pre-selected agenda items. Plaintiff was effectively restricted from addressing any topic unless it was first approved and placed on the agenda by the Commission.  This is despite the fact that the comments Plaintiff desired to offer fall squarely within the PRC's jurisdiction.

8.      Taken together, these actions establish a consistent pattern across Haywood County, Tennessee governing bodies (a) public comment is permitted only after internal governmental processes are completed, (b) participation is restricted to agenda-approved topics, and (c) there is no clear or independent mechanism for members of the public to obtain agenda placement.  These

combined conditions function as structural barriers to public participating and effectively limit access to meaningful public comment.

9.    Accordingly, Haywood County, Tennessee denied Plaintiff a meaningful opportunity to present public comment to the Haywood County Commission and subjected Plaintiff to unconstitutional restrictions on protected speech, in violation of Plaintiff's clearly established First Amendment right to the United States Constitution, and the Tennessee Open Meetings Act.

10.    The Plaintiff avers that the blanket denial and/or de facto blanket denial by the Defendant to allow Plaintiff to provide public comment to the Haywood County Commission violates Plaintiff's clearly-established First Amendment right to freedom of speech under the United States Constitution to which Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

11.    The Plaintiff avers that the blanket denial and /or de facto blanket denial by the Defendant to allow Plaintiff to provide public comment to the Haywood County Commission violates the text, and accompanying precedent, of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq*, as amended.

WHEREFORE, Peter Maher demands judgment against Defendant Haywood County, Tennessee for declaratory and/or injunctive relief, an award of nominal damages, for the violation of his First Amendment Right to freedom of speech and the text and accompanying precedent of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq.*, as amended, and an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 10th day of June, 2026.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

/s/*Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
The Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

*Attorney for Plaintiff*

5