**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETER MAHER,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **1:25-cv-02842-STA-jay** |
| | ) | |
| **HAYWOOD COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Peter Maher filed suit against Haywood County, Tennessee, pursuant to 42 U.S.C. § 1983, for the alleged violation of his First Amendment rights, as well as a supplemental state law claim under the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq.* (Amd. Cmplt. ECF No. 40.) Defendant Haywood County has filed a motion to dismiss (ECF No. 41); Plaintiff has filed a response to the motion (ECF No. 45); and Defendant has filed a reply to the response. (ECF No. 46.) For the reasons set forth below, Defendant's motion is **GRANTED**.

Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must

allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Background/Analysis

The complaint alleges as follows. In February 2025, Plaintiff asked Haywood County Mayor David Livingston, Haywood County Attorney Sarah Levy, and "other designated officials" to be allowed to speak at a meeting of the Haywood County Commission. (Amd. Cmplt. at ¶ 5). According to Plaintiff, he informed "officials that his comments would be limited to a 60-to-80-second response to a matter germane to the items on the agenda for the meeting or germane to matters within the jurisdiction of the Commission." (*Id.*)

On February 27, 2025, Mayor Livingston responded via email, stating that "'the public is always welcome to speak…[but] must be addressing the business on the agenda' and only after 'proper procedures are complied with by the proper committees' and further that a motion or resolution is before the County Commission." (*Id.*)

Plaintiff alleges that Mayor Livingston's email "failed to provide any confirmation of whether Plaintiff would be permitted to speak." (*Id.*). Instead, the email restricted Plaintiff's "public comments strictly to agenda items and only after internal governmental processes – without providing any mechanism for Plaintiff to be placed on the agenda." (*Id.*). While Mayor Livingston did not tell Plaintiff he could not speak, Plaintiff alleges that his request to speak at a County Commission meeting was denied "by omission." (*Id.*) "The response therefore denied the request by omission and substituted a general policy statement for a decision based on the specific request." (*Id.*)

Despite the alleged denial, Plaintiff was placed on the Haywood County Public Records ("PRC") agenda. (*Id.* at ¶ 7.) On March 5, 2025, the PRC Chair Linda Hayes emailed Plaintiff that he would be placed on the agenda. (*Id.*) However, she informed him that his public comments were limited to three minutes and must "adhere to the agenda topics." (*Id.*) According to Plaintiff, Hayes's directive that he limit his comments to the agenda topics for a limited amount of time constituted "a content-based restriction on public comment . . . [that] places substantive control over the permissible subject matter of the speech in the hands of the governing body." (*Id.*)

Plaintiff further alleges that the action of denying him "a meaningful opportunity to present public comment to the Haywood County Commission" and subjecting him "to unconstitutional restrictions on protected speech" violated his First Amendment rights under the United States Constitution and the Tennessee Open Meetings Act. (*Id.* at ¶¶ 9-11.) The alleged unconstitutional restrictions were Plaintiff's having to limit his comments to agenda items (rather than those "germane" to the jurisdiction of the County) and being allowed to speak for only three minutes. Plaintiff alleges that his allegations "establish a consistent pattern" of (1) permitting public comment "only after "internal governmental processes;" (2) limiting public participation to "agenda approved topics"; and (3) failing to provide a "clear or independent mechanism for member of the public to obtain agenda placement." (*Id.* at ¶ 8). Plaintiff does not allege that he actually attended a Haywood County meeting and was prevented from offering public comment.

<u>Section 1983</u>

Section 1983 authorizes an individual to bring suit against state and local officials who deprive the individual of a federal right under color of state law. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the United States Supreme Court extended § 1983 liability to municipalities such as Haywood County for alleged constitutional violations in a narrow set of circumstances. "A municipality may not be held liable under § 1983 on a respondeat superior

theory – in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691 (emphasis in original)). Instead, a plaintiff must show that "through its deliberate conduct" the entity was the "moving force" behind the injury alleged. *Allman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). That is, the plaintiff must prove that the entity had a "policy or custom" that caused a violation of his or her rights. *Monell*, 436 U.S. at 694.

In *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005), the Sixth Circuit identified four ways in which a plaintiff may prove the existence of an illegal policy or custom. The plaintiff can point to (1) the government's legislative enactments or official policies; (2) actions by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom or practice of tolerating the violation of federal rights by its officers or agents. *Id.* at 429.

In this case, Plaintiff acknowledges that Haywood County "may impose reasonable restrictions on the content of speech as long" with the proviso that "the restrictions do not result in impermissible viewpoint discrimination in light of the purpose of the County Commission." (Resp. p. 4, ECF No. 45.) However, he contends that Mayor Livingston, as an official with final decision-making authority, violated the First Amendment by instructing him that he must confine his comments to "business on the agenda" – which he equates with "viewpoint discrimination." He argues that Haywood County (via Mayor Livingston) cannot "selectively deny [him] the right to speak based on [his] opinion, [his] critical tone, or [his] political view." (*Id.*)

"It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995) (citing *Police Dep't v. Mosley*, 408 U.S. 92, 96 (1972)). "The principle that has emerged from [Supreme Court] cases 'is that the First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others.'" *Lamb's*

*Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 394 (1993) (citing *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 804 (1984)). "Discrimination against speech because of its message is presumed to be unconstitutional." *Rosenberger*, 515 U.S. at 828. "When the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant." *Id.* at 829.

In order to preserve the limits of a limited public forum, however, the State may legitimately exclude speech based on subject matter when the subject matter is outside the designated scope of the forum. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 109 (2001); *Rosenberger*, 515 U.S. at 829–30. "The necessities of confining a [limited public] forum to the limited and legitimate purposes for which it was created may justify the State in reserving it for certain groups or for the discussion of certain topics." *Rosenberger*, 515 U.S. at 829.

Thus, while it is true that a governmental entity in a limited public forum may not discriminate against speech on the basis of viewpoint and any restrictions must be "reasonable in light of the purposes served by the forum," *Good News Club.*, 533 U.S. at 106–07, there is nothing in the amended complaint that alleges that Plaintiff intended to express critical or political views at the County Commission meeting. In fact, the only description of Plaintiff's intended speech is that his comments "would be limited to a 60-to-80-second response to a matter germane to matters on the agenda or germane to matters within the jurisdiction of the Commission." (Amd. Cmplt. ¶ 5.) There are no allegations that Haywood County (or Mayor Livingston) engaged in viewpoint discrimination. Moreover, there are no allegations that Plaintiff was ever denied the right to speak at the County Commission. Thus, Plaintiff has not plausibly alleged that his First Amendment rights were violated by the restrictions imposed on his intended speech at the County Commission, and his §1983 claim must be dismissed. *See Freedom from Religion Found., Inc. v. City of Warren, Mich.*, 873 F. Supp. 2d 850, 863 (E.D. Mich. 2012), *aff'd*, 707 F.3d 686 (6th Cir. 2013) (citing

*Lehman v. City of Shaker Heights*, 418 U.S. 298 (1974) ("[A] speaker may properly be excluded from a limited public forum because he wishes to address a topic not encompassed within the purpose of the forum."); *Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 519 (6th Cir. 2019) ("In a limited public forum, the government can impose reasonable restrictions based on speech content, but it cannot engage in viewpoint discrimination.")

Moreover, Plaintiff has not alleged any facts showing that Defendant's policy for allowing comment at the County Commission meeting was content-based or in any way impermissibly restricted his right to free speech under the First Amendment sufficient to establish liability under *Monell*. Instead, Defendant's policy allowed comments to be made on agenda items, and Plaintiff was even told that he could speak for three minutes on an agenda item. Plaintiff has cited no cases in which a court held that an individual must be given unfettered access to speak at a County Commission meeting. Neither has Plaintiff alleged facts showing an unconstitutional custom or pattern of impermissibly restricting speech. "A broad assertion that an unconstitutional policy exists is nothing more than a bare recitation of legal standards." *Osberry v. Slusher*, 750 F. App'x 385, 398 (6th Cir. 2018) (citation omitted). *See also Cunningham v. Cleveland Police Dep't.*, 2010 WL 5636778, at *6 (N.D. Ohio Dec. 22, 2010), rep. & rec. adopted sub nom. *Cunningham v. Cleveland Police Dep't*, 2011 WL 234050 (N.D. Ohio Jan. 24, 2011) ("Although Plaintiff suggests that he will provide convincing proof of the City's unconstitutional policy at trial, that proffer does not negate Plaintiff's duty pursuant to Fed. R. Civ. P. 8 to plead facts plausibly showing that the City acted unlawfully at the pleading stage. There are no facts in the Amended Complaint that reasonably describe a specific policy or custom of the City of Cleveland that violated Cunningham's rights. Accordingly, Plaintiff's conclusory allegations do not suffice to satisfy the pleading standard announced in *Iqbal* and *Twombly*."); *Williams v. City of Cleveland*, 2009 WL 2151778, at *4 (N.D. Ohio July 16, 2009) ("Plaintiff must allege facts, which if true, demonstrate

the City's policy, such as examples of past situations where law enforcement officials have been instructed to ignore evidence.").

Because the amended complaint does not contain sufficient facts, which if accepted as true, to state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. 678 (citing *Twombly*, 550 U.S. at 557), the Court must dismiss Plaintiff's § 1983 claim.

<u>Tennessee Open Meetings Act</u>

Plaintiff has also brought a claim under the Tennessee Open Meetings Act, Tenn. Code. Ann. § 8–44–101. This Act provides that "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee." Tenn. Code Ann. § 8–44–102(a). At the time of the relevant events (2025), the Act provided that a "governing body . . . [must] reserve a period for public comment . . . to comment on matters that are **germane to the items on the agenda for the meeting**." Tenn. Code Ann. § 8-44-112(a) (emphasis added). That section was revised in 2026 to mandate that:

> (a)(1) A governing body shall, for each public meeting, reserve a period for public comment to provide the public with the opportunity to comment on matters that are germane to the items on the agenda for the meeting.
>
> (2)(A) A local governing body shall, for each public meeting, reserve a period for public comment to provide the public with the opportunity to comment:
>
>> (i) On matters that are germane to the items on the agenda for the meeting; and
>>
>> (ii) **On any matter that is germane to the jurisdiction of the local governing body**, regardless of whether such matter is an item on the agenda for the meeting.

Tenn. Code Ann. § 8-44-112 (emphasis added).

Plaintiff attempts to rely on the 2026 revision to establish his state law claim. However, the amendment to the Act does not apply retroactively because doing so would attach new legal consequences to past events, and the amendment contains no language indicating that the

Tennessee Legislature intended the amendment to apply retroactively. *See Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998) ("Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise."). Because the amended version does not apply retroactively, the current version of the Act has no bearing on the scope of public comments required before the Act's revision. Haywood County was under no obligation to allow public comment on any topics outside those included in its agenda at the time Plaintiff allegedly intended to offer public comment, Tenn. Code Ann. § 8-44-112(a) (2025). Consequently, Plaintiff's state law claim must be dismissed.

Accordingly, Defendant's motion to dismiss is **GRANTED**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge

Date: September 14, 2026.